Case number 24, 1902, Poplar v. Genesee County Road Commission. Argument not to exceed 15 minutes per side. Mr. Cassini, you may proceed for the appellant. Thank you very much. May it please the Court, Andrew Cassini of Henl Esperance here on behalf of the appellant, Genesee County Road Commission. I'd like to reserve three minutes for rebuttal. Fine. GCRC is here on appeal for those reasons described in the brief, but the most important reason that we're here is because there are three reversible errors that were made specifically regarding the written notice requirement of the Michigan Persons with Disabilities Civil Rights Act. And just for the sake of brevity, when I refer to Section 210, that's what I'm referring to there, so we don't have to keep citing the statute, but it's MCL 37-1210. The first two errors that require reversal, each of which independently entitled the GCRC to remand for judgment in its favor over this claim, they're both errors of law, and I'll discuss those in both a moment, but even despite these two errors, the right result could have been reached here if the jury had been able to decide the 182-day written notice requirement hadn't been met. Well, I mean, they were instructed about that requirement. I guess it was a general verdict form that did not require them to do that separately. I mean, I think your suggestion that it would have been better to have that be a specific determination, you know, is a forceful point that you make, but is that really an abuse of discretion on the district court's part to use a general verdict when they use those all the time? Well, first, Judge Kethledge, what I would say is that there is a difference here. This is a general verdict form with interrogatories, and although it's a subtle distinction, there is some precedent about whether or not the existence of those interrogatories and the fact that one is omitted and missing would therefore invalidate and constitute an abuse of discretion. As we know, an abuse of discretion can be found where the legal standard that's being outlined in the verdict form isn't correct, and that's what we argue is happening here. Did you object to the verdict form? We absolutely did, and we timely objected. Correct. But then did you object to the one that was used? At the time where we were submitting and different arguments were being made, we advocated specifically when the judge said, hey, I'm inclined to agree with the appellee in this case and say, hey, we should omit that one. We said, no, we believe that it's important because it's an essential element of our claim. So you did file an objection. Tell me where in the record you objected to the jury form. The objection to the jury instruction can be found. You're talking about two different things, jury instructions, jury form. I'm going to ask you questions on both because I don't think you objected to the jury instructions, did you? That is correct, and I apologize if I answered that question incorrectly. Okay, so there's no objection to the jury instructions, and they are correct. Okay, so your claim here is the form was improper, and I know you submitted an alternative form, and then my question is did you actually, once the judge decided on the form, did you object to the final form? And if you did, show me where you made that objection. Although the pin site is going to elude me, it's in the early 1400s of the penultimate volume. Okay. And it is. It's an express objection to say we think that this is missing an essential element of the claim. Okay, and that's because it didn't specify the dates of the violations? Is that it? No. It didn't allow the jury an opportunity to rule on a potential outcome that could have reached. Just to focus on that as a practical matter, I guess is your point, right? Well. It would be overlooked if they're not asked to make a, I mean, is that your concern? More than just overlook, Judge Kethledge. It actually could lead to them to be unable to render a potential verdict that's given here if, after all. They're on, like, a track and it says, okay, if yes, go to, you know, the next one. Let's hypothetically imagine that a juror believed, after the trial was complete, that although maybe the GCRC hadn't reasonably accommodated the plaintiff in this case, nevertheless there was a failure of that written notice to have been made, which is an essential element of the claim. And we can talk more about that in the substantive part. The jury was instructed that that wasn't an essential element of the claim, that notice wasn't, right? Notice was key within the 182-day period. It was. That was part of the instructions. However, there is no place in the jury verdict form for them to actually render that and communicate that as part of their verdict. But generally, in a general verdict, the jury doesn't do that. And you're saying that something is special here because there was a general verdict with certain interrogatories and it's missing the one that you wanted. But what case would support your position on that? The first thing that I would say would be we actually would concede. If we were here with a general verdict form that merely said, are all of the elements that you've been instructed on present with respect to this, yes or no, then I don't think we'd be here on this appeal with that issue. The issue is different, however, here. And the reason, Judge Mohr, that it's different is because let's look at the jury verdict form itself. If we go to... But I ask you, is there a case that says that even if a general verdict would be fine, if you use a general verdict and have three specific questions but not the fourth question that one party wanted, but the jury is fully instructed, that that's enough to warrant a new trial? So we have, for one, we have whether or not that can constitute an abuse of discretion from Betts v. Costco Wholesale 558 F3D 461. That's a Sixth Circuit decision from 2009. We also have a case, Nelvis v. Bradley, where the court rejected the verdict form because it included an incorrect statement of law, and the subject matter of the interrogatories wasn't included in the jury instructions. Here we've actually got a very similar problem, which is the jury instruction says, hey, if there is an error with respect to the notice, they have to understand the jury instruction itself refers to it. And the issue, though, is when it comes time for them to fill out the jury verdict form, there's no place to manifest that. In fact, what they would need to do is they would need to answer the question no to the question, did the GCRC fail to provide a reasonable accommodation to Ms. Poplar? They would need to answer no to a different inquiry in order to express the fact that they believed that the written notice requirement hadn't been met. And there, that constitutes an abuse of discretion because it misstates the applicable standard. Well, I mean, they're told they cannot rule in favor of the plaintiff unless she gave the required notice. That is correct. So once they say in judgment for the plaintiff, I mean, they have to have taken that into account. What we would say with respect to that is that the case law is very clear, that it's a separate inquiry about whether there's a failure to accommodate from the issue about whether or not the notice has been fulfilled. All right. I didn't concentrate that much on the form of the verdict. I was concentrating on more of your legal arguments.  But your problem with the form of the verdict is that they could not find a violation of the notice as to, what, the three specific times, 2016, 2018, 2021? Well, what we would say would be a little bit different, Judge Griffin. What we would say is that it is a condition precedent to being able to find liability at all, was the 182-day notice provision met, regardless of when it may have been. Okay. You just wanted a specific question as to that, as opposed to be it lumped in, for the plaintiff to recover, she must prove this, this, this, and that. And, in fact, it would be vital and essential because right now there is no question that asks that.  So I fail to see how that's so prejudicial. Once they're instructed, they must find the three things, and they rule in favor of the plaintiff. They must have found all three things. Well, but the point I think there is they can find all three of those things. After all, two are conceded, and if you look at the jury verdict form. So, yeah. With respect to the third, however, the issue about whether there's been a failure to accommodate is separate from the issue of whether or not the notice has been fulfilled. Suppose we believe that it's very clear that she did give notice within 182 days of her need for a reader to help her read because of her eye condition. At most, your argument would be harmless error. So why don't we get to the issue at hand, which is did your client make a reasonable accommodation or not? The jury says you didn't. Well, with respect to my client, of course, the issue is whether or not it was Appellee that made the reasonable accommodation request and then whether or not we fulfilled the reasonable accommodation, which I just wanted to make sure that that part's clear. But with respect to it, I certainly can move on to that issue. We believe there are two independent legal reasons that we should have been granted judgment as a matter of law in this case. I'd like to speak briefly about the first, which is at the Rule 56 stage. The reason we're able to consider this at all because of Dupree v. Younger, if there is a pure question of law where there's no dispute of material fact that is in dispute, no material fact in dispute, we can consider that issue of law now on appeal. And here, the reason for the basis of the denial of summary judgment was based on a misquoted statute. I didn't know you were appealing the summary judgment ruling here. I thought you were appealing the denial of the new trial and the denial of the 50B motion. We are denying both. Judgment as a matter of law after trial. I thought that was what the order you were appealing from. Am I wrong? We are appealing from the final judgment, which we believe that's the holding of Dupree v. Younger in and of itself, which is after that final verdict is rendered, we can go back and take a look at the summary judgment elements, and those were included in our briefs. You can. You think you can. Even though you have a trial, you have evidence that's all different perhaps than the summary judgment, and your problem is your 50A motion was limited to the issue of notice. Your 50A motion, your directed verdict motion, did not address reasonable accommodation at all, and therefore your 50B motion for judgment as a matter of law after trial, under our precedent, is limited to the issue that you raised with your 50A motion. Is that not correct? We believe, first off, that the 50A motion that was rendered based on the applicable case law that says, hey, what comes with that when a motion is made, if it's sufficiently a related issue, we do believe that we preserved it. However, we also believe that Dupree v. Younger gets us to the point where the summary judgment stage is applicable because the issue of law was clearly presented and there was no disputed fact. The only thing that was ruled upon there, the reason that we were denied summary judgment at that stage, was because, and this is quite plain from the applicable case law, the burden was incorrectly placed on our part to be able to show notice of the notice, that is to say, the subsection 210.19 provision. There was no record evidence that was entered in it. The judge says as much in the summary judgment order. As a result, it's held against us, and that's inappropriate. That's not the way that that particular burden works. We can cite to particular Michigan law that emphasizes that. That's the London Hearing Centers case. All right. Well, I don't think you can appeal the summary judgment denial issue order at this point. The more interesting question is which dates do we use as to when she had to give the 180-day notice. Is it 2016 when she was hired? Was it 2018 when she went to the doctor and the doctor said her eyes were deteriorating and that she needed help with the computer screen, or is it November 21 where she returned from leave and she found out that the assistant that was hired to help her read the screens had been let go and that your client said we will no longer give you accommodations? I mean, which date triggers her duty to give notice? The statute makes it clear, and we believe that it's unambiguous, that when does that date begin to accrue, the 182 days? It's at the time that the need is known. And we have multiple cases that interpret when that need is known. The need is known when the requirements of the job are established and you're actually bringing those up against the diagnosis, that's the estate of Stern case, that gives you information about the underlying condition. So what's the date here? So the date here is when she is first hired. When she's first hired, they actually authorize an assistant to assist her at the time, and I know that position is not filled right away, and I know it's for operational help, but she gets the assistant that she wanted later on. So I fail to see how there could be a violation of the Michigan statute for failing to give her a combination when she's got the assistant that she ends up wanting all along anyway. So I don't see 2016 as a crucial date. Well, I think that the outline here of the various dates I think will be very briefly useful, which is 2016, her hire date. We believe that the record is unequivocal. We cited portions of this in our brief that she knows about the need at that time. And at that point, they agree to give her an assistant? At that point in time. She could not file a claim under the Michigan statute at that time because there's no violation, right? Well, at that particular time, the need has been established. And they've complied, right? No. No? The assistant is not hired until 2019. Well, I know, but they claim that they're complying with the need because they post the position, they try to hire the assistant, they've done what she would want them to do in 2016. I think it may be an important distinction about, I believe the document that's being referenced here is the memorandum that's presented to the board. So maybe very briefly, this may provide a moment of clarity. In 2016, we know that Ms. Poplar has a conversation with John Daly, who at the time is the managing director for the road commission. That is the central executive. That is the person who basically controls it. His ability to create a new position is contingent on another factor, however, which is whether or not the board, which is the supervising entity of five individuals that are appointed by the Genesee County, approves the creation of that position. Now, at that particular time, no movement is made. So we go through 2016, there's no movement made toward the creation of that position. We go into 2017, there is a movement made out of operational necessity, which doesn't end up happening. Then, for the first time, we have the actual reference to the need, as expressed, for the accommodation, which happens in 2018, which has over doubled the amount of time under the statute. Why shouldn't it be pegged to the doctor visit? I mean, the doctor is the one that said you need some help here. So why shouldn't that be when it starts? We actually agree. The diagnosis of the underlying condition that's under the estate of Stern case determines at the point where it begins. But then you act as if, like, you know about it. I mean, it seems like, I mean, she gets, she talks to the doctor, and then you all respond, you know, whether it's formal notice or not. It sure seemed like you knew that she had a need. So what's the big deal about, you know, this requirement? The record is very clear. That written notice is not provided to us until 2018, after she makes the initial request to Mr. Pavandi, once he becomes the managing director. I'll look that up. I don't want to go further in the red. So thank you. You requested three minutes of rebuttal. Unless there's more questions, we will let you have your rebuttal. Thank you. After we hear from the other side. Good afternoon. My name is Cherise Williams, and I represent the appellee in this case. Following a lengthy trial, the jury properly rejected the appellant's arguments, and the Honorable Nancy Evans, Judge Nancy Evans, also rejected the arguments presented today. I think it's important just to briefly touch on, Judge Griffin, what you were saying earlier. There were no objections placed on the record regarding reasonable accommodation, regarding any of these other issues brought up by appellant. In the 50A motion, the only issue brought up was the 182-day requirement. So you're correct in stating that. So on the 50B motion, which was properly denied, what happens is it's appealed now. So when we look at the 182-day requirement, Ms. Poplar did meet at all times. We do not concede at any time that she did not properly follow what she was supposed to under the law. In 2016, she requested a parking spot. When she was hired, she was given that parking spot. She was given the accommodation. She told them that she had deteriorating vision and that she could possibly need accommodations in the future. In 2016, she also requested that a vacant position be filled operationally for an administrative assistant. It was not filled. In 2018, Ms. Poplar goes to the doctor. They tell her she knows she's having trouble. She goes to the doctor, and she gets FMLA at that time as well, which is also approved. She goes through an interactive process. She receives the accommodation. At no point in time would she have been able to file a lawsuit because she was always given the accommodations. So when she received the accommodation in 2018, it was a very lengthy and long process. The board, the managing director all participated in the interactive process, how much they would pay the assistant, what they would do, how much time. They even put it in the job descriptions. Well, now we get to 2021. Ms. Poplar, during the time from 2018 to 2021, has that accommodation the entire time. She has a full-time assistant, which also assists operationally and assists with her disability accommodation. And it is written specifically in the job duties for that assistant. Well, in 2021, Ms. Poplar files a complaint against the managing director, stating that for several reasons. But one that's important is she was opposing discrimination. She was opposing discrimination against herself and also against others at the Roe Commission. And so after that, her accommodation is removed. So she has it for over two years, and then her accommodation is removed. And then appellant argues that it's not a reasonable accommodation anymore after she has it for over two years. And they don't have notice of it. She has it for two years. They did an interactive process. At this point, the timeline that we need to focus on is 2021. In 2021, Ms. Poplar, she filed a complaint. At that time, afterwards, it was retaliation. It was removed after she filed a complaint. Is that your claim? Is it all related to 2021? Yes. Ms. Poplar was granted the accommodations prior to. She didn't have a claim prior to that. In 2021, when the accommodation is removed, she requests in writing immediately when she comes back to work. She says that's retaliation and a violation of the Michigan Persons with Disability Act. So, correct. But prior to this, when the lawsuit was filed, there was no failure to accommodate claim under PWDCRA. The lawsuit was filed based on retaliation and discrimination for other issues that were happening. Was it race or sex or something like that? It was race, yes. And then we amended the lawsuit when her accommodation was removed. And it was removed shortly after. Actually, it was removed probably a day or two before the lawsuit was filed, but they knew the lawsuit was coming. Okay. So, the issues of whether the accommodation was reasonable or not and whether the notice was timely given, that was all tried in front of the jury, was it not? Correct, Your Honor. And those are issues of fact, and the jury made a call and favored your claim? Correct, Your Honor. As you know, this court has opined that when the jury has made a verdict, that it should stand. But for there being some sort of… Which would be against great weight of evidence. Well, the great weight of evidence, but that's not happening here. What about your opponent's brief footnote 12 on page 58 citing this case that he mentioned in oral argument, Dupree v. Younger, Supreme Court case from 2023? What's your response to his argument? Which, as I understand it, is that summary judgment… When summary judgment is denied and then the case goes to trial and we have a jury trial, as I understand his argument, it is that the court should look again at whether it was proper to deny summary judgment. Is he correct on that? Your Honor, I do not believe that's correct because I believe he would have had to put that forward in his motions or to preserve the appeal. I don't believe that he's done that. There was never an issue on any of these, well, actually may back up. So for the summary judgment, the appellant never preserved that they had actually complied with what the statute says for them to do, which is to put the appellee on notice that they have actually complied with the statute and post it. So at that time, it was a factual dispute as to whether the appellant had even complied. Now, when we got to trial, they did offer notice that they did comply, which we offered our evidence that we did also comply with the 182-day rule. If I may, Ms. Williams, ask you about the instructional issue that your friend has raised about… It's actually the verdict form issue. And as I understand his argument, it is basically that there just wasn't any place on the form for the jury to express, so to speak, a determination that the notice requirement had not been met. And so, I mean, hypothetically, I understand your position about notice and how everybody knew all along. But let's say, hypothetically, the jury decided that the 182-day period had not been satisfied. What answer would they change on this verdict form in order to reflect that finding, do you think? It would have been under PWDCRA and saying that she did not meet the requirement, right? So, I'm sorry, under failure to accommodate. But in terms of the form that the jury filled out in the jury, I don't have it right in front of me, but the form that they would have filled out in the jury room, which answer would they have made differently if they had found in favor of the county road commission about notice?  So, on the jury instructions as they were written, it was specific to both of our positions that we were stating that the appellee was claiming that not replacing or not filling the position was the reason for the failure to accommodate. And also, if they didn't find, which was under failure to accommodate, if they didn't find that Ms. Poplar had provided the notice, then they could say that she didn't. Didn't what? That they didn't fail to accommodate her. So, you're saying they would have changed that answer about failure to accommodate if they thought your client did not give adequate notice? Yes, Your Honor. Isn't that a bit of a mismatch, though? It's not really the same question, isn't it? Well, Your Honor, in our brief, we fully discussed these particular issues, and I don't have that in front of me.  I'm sorry, but really, when you look at the, this court is a pine, and when you look at the jury instructions as a whole, right, and you take them as the jury being instructed and directed and looking at the instructions, you know, all of the instructions were there for the jury to properly be able to determine whether or not they failed to accommodate her, whether or not they failed to provide the notice, right? These were not only instructed, opposing counsel and also myself fully discussed these issues in the time periods, and the jury was instructed and aware, and there was no substantial effect, in my opinion, to the appellant's position over a seven-day trial. I quickly want to touch on the damages award, and the appellant's claim that the award is excessive. This court has opined that, you know, and also, well, in Champion v. Outlook, endeavoring to compare awards is difficult and often unfruitful, and here there was substantial testimony regarding the appellee's doctors, treaters. She was off work for a year. She had medical issues. She had to take medicine. There were lots of facts to support the jury verdict in non-economic damages. I also briefly just want to touch on reiterating that the timeline is really important here regarding when Ms. Poplar is saying that she wasn't accommodated, and we believe that when her accommodation wasn't granted in 2021, that triggered the notice period, and Ms. Poplar fully complied with the PWDCRA when she put in writing, and she requested verbally multiple times, this is in the record, that she needed her accommodation. And what's really important is that the response from appellant was that they simply just didn't want to. It wasn't that it was a hardship. It wasn't that for whatever reason, you know, some circumstances changed. Nothing had changed. She had been being accommodated, and she was no longer being accommodated after they removed it in retaliation. And if you don't have any other questions. I have none. Okay. Thank you. Very briefly, first things first, we were asked about the objection to the jury verdict form that can be found at page ID 4010 to 4015. I'd also like to note that the issue with the objection preserved to the jury verdict form and the issue about the failure to object to the jury instruction, that's because there's nothing wrong with the jury instruction. The jury instruction lists the notice provision. The verdict form does not. So how about the objection to the form? You guys, you had your different form? Correct, and we preserved that objection. Did the court give a reason for omitting a determination on the point that you're talking about today? I'm sorry, one more time, Justice. Did the court decline to have a specific interrogatory about compliance with the notice requirement, right? Did the court give a reason for that? No, but the court did announce its decision after a curious statement that was made in the argument from a Pelley's counsel where he said, hey, we don't think we need an additional element in there. After all, that's not consistent with the jury instructions for the ADA. It's because the ADA doesn't have the 182-day written notice provision. Now, the Michigan civil sample jury instructions do, and we have also multiple different Michigan cases where that's actually listed as a special interrogatory in a particular jury instruction form. The one that I guess I'd like to ‑‑ Well, I don't know. I mean, that's not in response to anything I asked. So I say that to say, and I also wanted to briefly address, Judge Moore, your point about whether or not that would be harmless error. We don't believe that would be harmless error because, remember, the summary judgment finding was that it needed to be submitted to a jury, that there was a question of material fact in the judge's opinion regarding whether or not we'd met our Section 19 burden, and we've explained why we don't think that was valid. Then there was a question after the 50A about whether or not the 2021 notice was preserved. Plaintiff was never granted summary judgment about the notice provision. In other words, plaintiff did not prevail on a summary judgment motion such that it was concluded as a matter of law that notice was met. So then the issue ‑‑ Yeah, that's different than the question whether it's harmless. I mean, you look at the party's behavior. It seems like everybody knew all along she had a need for visual accommodation, and it gets yanked, apparently, in 2021, and a jury decides that was retaliatory. What's the problem as to whether your client knew she had a ‑‑ de facto, you know, as opposed to some form. Certainly. About whether your client knew she had a visual disability. There is no contest that we knew about the visual disability. There is also no contest that this was the only accommodation that we ever denied her. There were also multiple accommodations that were granted to her, and there is evidence in the record of that. Those proceeded throughout the entirety of this time. Why isn't it harmless, this notice, 182 days? Everybody knew everything all along. Well, I would say the other piece would be, the other element to that is, whether or not it's harmless is determined by what the statute requires us to do. A statutory prerequisite isn't met. That can't be harmless error at that point. But if the requirement is notice and you already knew, then we're supposed to toss a jury verdict for that? The requirement is written notice, Judge Kethledge. That was provided. Okay, fine, written notice. But it serves a purpose, which is actual knowledge on your part, which it seems like you admit you had. So, you know, as Judge Moore said, why isn't it harmless? It's not harmless because the jury never was able to reach a conclusion as to that point. But the jury was given a general verdict form, right? No, they were not. They were not? They were a general form with interrogatories, Justice Breyer. Okay. What were the interrogatories? Here, and I actually think this is a really useful exercise and hits the point right on the head, which is, this is from page ID 3660. We can see, failure to accommodate claim is the second heading. A, liability. One, defendant GCRC concedes the plaintiff was a person with a qualifying disability, as that term is defined. There's no dispute that was a concession. Two, defendant GCRC concedes the plaintiff was a qualified person to perform her job, as that term is defined. Also no dispute that was also a concession. Three, did the GCRC fail to provide a reasonable accommodation to Ms. Poplar is the final question. And there's a yes and there is a no. The issue presented, however, is that is not sufficient to find liability for a PWD CRA claim. In other words, there's a missing element that was never submitted to the jury. And as a result, the very bottom paragraph says, if you answered yes to the question listed in section 2A, then you must determine the amount of Ms. Poplar's damages, if any. And that misstates the law. That's our argument, sir. Thank you. Thank you. The red light is on. Thank you. We appreciate the argument on both sides. The case will be submitted.